UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK CHURCH,<br><br>　　　　Petitioner,<br><br>　v.<br><br>HUNTER ANGLEA,<br><br>　　　　Respondent. | No. 2:18-cv-832 EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeks leave to proceed in forma pauperis. ECF No. 6. His application makes the required showing of indigency and is granted. However, for the reasons stated below, his habeas petition fails to state a viable federal claim and must be dismissed.

　　　　I.　　　Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

/////

/////

1

II. Analysis

Petitioner argues that in 2011 and after his conviction, California amended the law to provide defendants with a more favorable calculation of pre-sentence custody credits. ECF No. 1 at 5. He states that his due process and equal protection rights have been violated insofar as the law was no retroactively applied to reduce his sentence. *Id.* at 5-7. The court finds that, for the reasons stated below, petitioner is not entitled to federal habeas relief.

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439-40 (1985). However, the Supreme Court has held that "the 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time." *Sperry & Hutchinson Co. v. Rhodes*, 220 U.S. 502, 505 (1911). And this circuit has denied similar claims. In *Jones v. Cupp*, the Ninth Circuit rejected a petitioner's claim that his equal protection rights were violated by Oregon's failure to retroactively apply a legislative change reducing the maximum penalty for second degree murder. 452 F. 2d 1091, 1093 (9th Cir. 1971). The *Jones* court approvingly cited a First Circuit case - *Comerford v. Commonwealth*, 233 F.2d 294 (1st Cir. 1956) – which noted that "[t]here is nothing unconstitutional in a legislature's conferring a benefit on prisoners only prospectively." *Id.* at 295. Federal law does require that differences in classifications be related to a legitimate state purpose. *McQueary v. Blodgett*, 924 F.2d 829, 834-35 (9th Cir. 1991). That requirement is met. In *Foster v. v. Washington State Board of Prison Terms and Paroles*, the Ninth Circuit held that:

> There is no denial of equal protection in having persons sentenced under one system for crimes committed before July 1, 1984 and another class of prisoners sentenced under a different system. The standard is of a rational relation to governmental purpose. Improvement in sentencing is rational governmental purpose.

878 F.2d 1233, 1235 (9th Cir. 1989). Thus, petitioner's claim must be denied.

/////

/////

2

III.     Conclusion

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is GRANTED; and

2. The Clerk of Court shall randomly assign a United States District Judge.

Further, it is HEREBY RECOMMENDED that the petition (ECF No. 1) be DISMISSED for failure to state a cognizable federal claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: April 18, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE